John P. Walovich [SBN 88271]
VOGL MEREDITH BURKE LLP
456 Montgomery Street, 20th Floor
San Francisco, California 94104
Telephone:  (415) 398-0200
Facsimile:  (415) 398-2820
Email:  jwalovicha@vmbllp.com

Attorneys for Defendant
NEUTRON HOLDINGS INC., DBA LIME

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JOSE DURON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NEUTRON HOLDINGS, INC. d/b/a LIME, a Delaware Corporation,<br><br>Defendants. | Case No: 4:21-cv-042646-KAW<br><br>**DEFENDANT NEUTRON HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: June 03, 2021 |

Defendant NEUTRON HOLDINGS, INC. dba Lime. ("Defendant") hereby answers Plaintiff DANIEL JOSE DURON's Complaint as follows:

The unnumbered introductory paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

Plaintiff's inclusion of footnotes in the Complaint does not comply with Federal Rule of Civil Procedure 10(b) requiring that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." As such, no response is required to these footnotes.

### **NATURE OF THE CASE**

1. Defendant admits that it provides Lime scooters for short term rental to the public, but denies the remaining allegations in this paragraph.

///

///

2. Defendant admits that there have been reports of injuries suffered by users of Lime scooters, some of which allege that they were the result of equipment failure, but denies the remaining allegations in this paragraph.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations.

## THE PARTIES

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

5. Defendant admits that it provides Lime scooters for short term rental to the public, but denies the remaining allegations in this paragraph.

6. Defendant admits that it is a corporation organized under the laws of the State of Delaware and has its principal place of business in the State of California.

## JURISDICTION AND VENUE

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

8. Defendant admits the allegations of this paragraph.

9. Defendant admits the allegations of this paragraph.

## FACTUAL BACGROUND

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

13. Defendant admits that there have been reports of injuries suffered by users of Lime scooters, some of which allege that they were the result of equipment failure, but denies the remaining allegations in this paragraph.

///

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, at this time. Defendant reserves the right to supplement this response following further investigation.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, at this time. Defendant reserves the right to supplement this response following further investigation.

16. Defendant admits that it issued a Safety Update in February 2019 that included, *inter alia,* a sentence stating, "[r]ecently we detected a bug in the firmware of our scooter fleet that under rare circumstances could cause sudden excessive braking during use," (without italics or underline) and another sentence stating, "some riders have been injured, and, although most have been bumps and bruises, any injury is one too many." Defendant otherwise denies the remaining allegations in this paragraph.

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

18. Defendant denies the allegations of this paragraph.

19. Defendant denies the allegations of this paragraph.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, at this time. Defendant reserves the right to supplement this response following further investigation.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, at this time. Defendant reserves the right to supplement this response following further investigation.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, at this time. Defendant reserves the right to supplement this response following further investigation.

23. Defendant denies the allegations of this paragraph.

///

///

///

## FIRST CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

24. Defendant admits that Plaintiff has incorporated the noted paragraphs by reference, and incorporates by reference its answers to the allegations of those paragraphs as though fully set forth herein.

25. Defendant denies the allegations of this paragraph.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph.

## SECOND CAUSE OF ACTION

## NEGLIGENT PRODUCTS LIABILITY

32. Defendant admits that Plaintiff has incorporated the noted paragraphs by reference, and incorporates by reference its answers to the allegations of those paragraphs as though fully set forth herein.

33. Defendant admits that it owes users of its scooters a legal duty of reasonable care, but lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

34. Defendant denies the allegations of this paragraph.

35. Defendant denies the allegations of this paragraph.

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

36. Defendant admits that Plaintiff has incorporated the noted paragraphs by reference, and incorporates by reference its answers to the allegations of those paragraphs as though fully set forth herein.

37. Defendant denies the allegations of this paragraph.

38. Defendant denies the allegations of this paragraph.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

40. Defendant denies the allegations of this paragraph.

41. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

42. Defendant denies the allegations of this paragraph.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

43. Defendant admits that Plaintiff has incorporated the noted paragraphs by reference, and incorporates by reference its answers to the allegations of those paragraphs as though fully set forth herein.

44. Defendant denies the allegations of this paragraph.

45. Defendant denies the allegations of this paragraph.

46. Defendant denies the allegations of this paragraph.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph.

48. Defendant denies the allegations of this paragraph.

## INJURIES AND DAMAGES

49. Defendant denies the allegations insofar as they are asserted against it, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

50. Defendant denies the allegations insofar as they are asserted against it, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

51. Defendant denies the allegations insofar as they are asserted against it, and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

///

**PRAYER FOR RELIEF**

Paragraphs A through F contains Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Arbitration is the Proper Venue)

1. As and for a First, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, Plaintiff contractually agreed to arbitrate any claims arising out of his use of the Product, precluding this matter from proceeding within any State or Federal court.

**SECOND AFFIRMATIVE DEFENSE**

(Comparative Fault)

2. As and for a Second, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, answering Defendant alleges that the damage and injury, if any, allegedly suffered by Plaintiff was directly and proximately caused and or contributed to by Plaintiff's own negligence and/or comparative fault, and therefore, Plaintiff's recovery, if any, there be against this answering Defendant, should be offset, diminished and reduced in accord with the principles of comparative fault.

**THIRD AFFIRMATIVE DEFENSE**

(Apportionment of Fault)

3. As for a Third, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, answering Defendant alleges that answering Defendant denies that Defendant was negligent in any fashion with respect to damages, losses, injuries and debts claimed by the Plaintiff in the Complaint on file herein; however , if answering Defendant is found to be negligent (which supposition is denied and merely stated for the purpose of this affirmative defense), then answering Defendant provisionally alleges that Defendant's negligence is not the sole and proximate cause of the resultant damages, losses and injuries alleged by Plaintiff in that the damages awarded to Plaintiff, if any, to be apportioned according to the respective fault of the parties, persons, and entities, or their agents, servants, and employees who contributed to and/ or caused said resultant damages as alleged, according to

the proof presented at the time of trial. That to assess any greater percentage of fault and damages against answering Defendant in excess of Defendant's percentage of fault would be a denial of California equal protection and due process and Federal equal protection and due process, all guaranteed by the respective constitutions.

**FOURTH AFFIRMATIVE DEFENSE**

(Superseding Cause)

4.     As and for a Fourth, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, answering Defendant alleges that all or part of the damages, injuries, and/or losses alleged by Plaintiff was caused by acts/omissions of other persons which intervened or superseded between the acts and/or omissions of Defendant. In the alternative, any damages which Plaintiff may be entitled to recover against Defendant must be reduced to the extent that such damages are attributable to the intervening or superseding acts/or omissions of persons or entities other than Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

(Damages Limited Under California Law)

5.     As and for a Fifth, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant alleges that Plaintiff's damages are limited under the provisions of California law, including, but not limited to Civil Code §1431.2, et seq. and Civil Code §3333.4.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

6.     As and for a Sixth, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, answering Defendant alleges that Defendant is informed and believes and upon such information and belief alleges that Plaintiff failed to mitigate damages which he contends he suffered and is therefore barred from recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

(Conduct of Others)

7.     As and for a Seventh, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, answering Defendant alleges that Plaintiff was damaged as a

proximate result the conduct of a third party. Defendant affirmatively alleges that Plaintiff's damages, if any, were proximately caused by the independent conduct of third parties or entities whether or not parties to this action. Plaintiff's recovery against Defendant, if any, must therefore be reduced to the extent that those damages, if any, were caused by the independent conduct of third parties.

## EIGHTH AFFIRMATIVE DEFENSE

(Plaintiff's Negligence)

8. As and for an Eighth, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, answering Defendant alleges that at all times herein, Plaintiff was negligent and proximately caused the incident which is the basis for Plaintiff's Complaint. Plaintiff's recovery, if any, should be reduced by the amount proportionate to the amount which Plaintiff's negligence contributed to the happening of the alleged incident.

## NINTH AFFIRMATIVE DEFENSE

(Open and Obvious)

9. As and for a Ninth, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant alleges that any alleged hazards or dangers associated with the Product were open and obvious, and could have been avoided, barring Plaintiff's claims.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Duty to Disclose)

10. As and for an Tenth, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, Plaintiff's claims are barred because Defendant was under no duty to disclose any of the purported information Plaintiff alleges was not disclosed.

## ELEVENTH AFFIRMATIVE DEFENSE

(Proposition 51)

11. As and for an Eleventh, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, answering Defendant alleges that Defendant liability, if any, for the damages or harm allegedly suffered by Plaintiff should be reduced or limited pursuant to Civil Code §1431.2 (Proposition 51) in that the damages or harm allegedly suffered by Plaintiff, if any, was proximately caused by the acts and omissions of persons and entities other than Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

12. As and for a Twelfth, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, answering Defendant alleges that the Complaint and the causes of action therein fail to state facts sufficient to constitute a cause of action against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(No Foreseeable Risk)

13. As and for a Thirteenth, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, answering Defendant alleges that even if the product was negligently maintained (which it was not), the negligent maintenance did not create a reasonable foreseeable risk of the kind of injury which occurred.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

14. As and for a Fourteenth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant alleges that Plaintiff assumed whatever risk or hazard, if any, in a product liability matter or otherwise, that existed at the time and place of the alleged accident which is the subject of this action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

15. As and for a Fifteenth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, Plaintiff failed to take reasonable steps to avoid the loss or damage, if any. To the extent that such damages, if any, were incurred, Plaintiff's recovery, if any, should be reduced accordingly.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Act or Omission Creating Condition Was Reasonable)

16. As and for a Sixteenth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, answering Defendant alleges any and all acts or omission of this answering Defendant, its agents or employees which allegedly created the condition of the Product at

the time and place of the alleged accident which is the subject of this action were reasonable.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Action to Protect Against Risk Was Reasonable)

17. As and for a Seventeenth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, answering Defendant alleges Defendant and its agents and employees took reasonable action, if any, to protect against the risk of injury allegedly created by the condition of the Product referred to in Plaintiff's Complaint at the time and place of the alleged accident which is the subject of this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Express Warranty-Not Basis of Bargain)

18. As and for an Eighteenth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, answering Defendant alleges that Defendant is not responsible for any harm to Plaintiff because Defendant's statement was not part of the basis of the bargain. Plaintiff had actual knowledge of the true condition of the Product before agreeing to rent it.

**NINETEENTH AFFIRMATIVE DEFENSE**

(No Negligent Maintenance)

19. As and for a Ninetieth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant alleges that, pursuant to law, Defendant is not liable for any damages alleged in Plaintiff's Complaint as the Product was not negligently maintained by Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Failure to Warn Claims Barred)

20. As and for a Twentieth separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, Plaintiff's claims for failure to warn are barred because Plaintiff knew and appreciated the alleged hazards in the Product for which he complains.

///

///

///

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Risk Created By Condition Was Minor)

21. As and for a Twenty-First, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant alleges that there was no substantial risk of injury created by the condition of its Product, and the risk created by the condition was of such a minor, trivial or insignificant nature in view of the surrounding circumstances that a substantial risk of injury was not created.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Unavoidable Consequences)

22. As and for a Twenty-Second, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, the incident in the Complaint, and all resulting damage and injury, if any, were the result of unavoidable consequences.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(State of the Art Product)

23. As and for a Twenty-Third, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant alleges as well as the Product referred to in the complaint, conforms to statutes, governmental regulations, and industry standards based upon the state of knowledge existing at the time alleged in the complaint and in each cause of action therein.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Lack of Strict Liability)

24. As and for a Twenty-Fourth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant was not engaged in any ultra-hazardous activity in the manufacture, formulation, packaging, labeling, distribution, rental or sale of any Product, such that this answering Defendant cannot be held strictly liable. Since Plaintiff made an unforeseeable and unanticipated misuse of the Product, Plaintiff cannot claim a defect in design under a strict liability theory. Due to the subsequent misuse of the produce, and in absence of any other direct evidence, Plaintiff cannot prove that the alleged defect existed at the time the product was manufactured or rented by Plaintiff. This Answering Defendant therefore cannot be held strictly liable under presumption of

1  res ipsa loquitur.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to Obtain Health Insurance)

25. As and for a Twenty-Fifth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, in the event Plaintiff failed to obtain available health insurance coverage, which he was eligible to obtain under the Patient Protection and Affordable Care Act, Plaintiff has failed to mitigate his damages and cannot recover for such failure.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Contribution/Indemnification)

26. As and for a Twenty-Sixth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant alleges that it is informed and believes, and based thereon alleges that should Plaintiff recover from this answering Defendant, Defendant is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiff's damages, if any.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(No Joint and Several Liability)

27. As and for a Twenty-Seventh, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant alleges that it is not jointly or severally liable to alleged joint tortfeasors for any damages and/or injuries claimed in this action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Exclusion or Modification of Express Warranty)

28. As and for a Twenty-Eighth, separate and affirmative defense to the Complaint and to each purported cause of action contained therein, this answering Defendant alleges that Defendant is not responsible for any harm to Plaintiff because Defendant by words or conduct, limited its representations regarding the Product.

///

///

///

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Exclusion of Implied Warranties)

29. As and for a Twenty-Ninth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant alleges that Defendant is not responsible for any harm to Plaintiff because Defendant eliminated any implied representations relating to the Product's fitness for Plaintiff's purpose.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Product Misuse or Modification)

30. As and for a Thirtieth, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant alleges that Defendant is not responsible for Plaintiff's claimed harm because the Product was misused or modified after it left Defendant's possession.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Lack of Jurisdiction-Mandatory Arbitration)

31. As and for a Thirty-First, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant alleges that this Court lacks jurisdiction due to the presence of a mandatory binding arbitration clause in the Lime User Agreement with Plaintiff.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Reserve Affirmative Defenses)

32. As and for a Thirty-Second, separate and affirmative defense to the Complaint, and to each purported cause of action contained therein, this answering Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its answer to assert any such defenses.

Wherefore, this answering Defendant request relief as follows:

1. That Plaintiff takes nothing by way of her Complaint;
2. For judgment in favor of answering Defendant and that Plaintiff's action be dismissed in its entirety with prejudices to answering Defendant;
3. For costs of suit;
4. For attorney's fees as may be allowed by law; and
5. For such other and further relief as the Court deems appropriate.

Dated:  August 25, 2021                                    VOGL MEREDITH BURKE LLP

By: _____
John P. Walovich
Attorney for Defendant
NEUTRON HOLDINGS, INC. dba LIME

*Daniel Jose Duron vs. Neutron Holdings, Inc., et al.*
Northern District of California Case No: 4:21-cv-042646-KAW

### CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, California, and I am over the age of 18 years and not a party to the within action. My electronic notification address is alei@vmbllp.com and my business address is 456 Montgomery Street, 20th Floor, San Francisco, California 94104.

On **August 26, 2021**, the following document(s) were served via CM/ECF Filer:

- **DEFENDANT NEUTRON HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **August 26, 2021** at San Francisco, California.

        */s/ Alice Lei*
        Alice Lei